UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Daniel P. Kingsbury
& Tania R. Kingsbury,

          Debtors

Chapter 12
Case No. 16-10011

## ORDER GRANTING IN PART AND DENYING IN PART
## FIRST AND FINAL FEE APPLICATION OF J. SCOTT LOGAN, ESQ.

J. Scott Logan, Esq. filed the First and Final Application for Compensation of Legal Services [Dkt. No. 100] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of timely objections or other responses, the Court has reviewed the Fee Application and the docket in this case.

The Fee Application is granted in part and denied in part on the terms set forth in this order. J. Scott Logan, Esq. is awarded $4,519.00 as reasonable compensation for actual, necessary services rendered between May 23, 2018 and September 30, 2019, and $35.70 as reimbursement for actual, necessary expenses, for a total award of $4,554.70. The award of $4,554.70 accomplished by this order is made under 11 U.S.C. § 330(a)(4)(B).

This award reflects a reduction of $500.00 from the amount sought by the applicant. *See* 11 U.S.C. § 330(a)(2). The billing detail attached to the fee application shows that the applicant spent more than 11 hours at the rate of $210.00 per hour working on the motion to allow and disallow claims and the form of order with respect to that motion and attending related hearings. Although it was necessary to prosecute that motion under this Court's Local Rules, and there was

- 2 -

some attendant complexity, the time spent on the motion was not entirely commensurate with the complexity, importance, and nature of the issues addressed.  The reduction accomplished by this order is intended to disallow compensation for services related to the motion that were not rendered in an efficient manner.  *See* 11 U.S.C. § 330(a)(3)(D).  It is also intended to disallow compensation for tasks, like filing documents on the docket, that are not compensable at attorney rates.  *See* 11 U.S.C. § 330(a)(3)(B); *see also* In re Morin, No. 16-20271, 2017 WL 83348, at *1 (Bankr. D. Me. Jan. 3, 2017).

Dated:  November 7, 2019

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine